

## State of New Jersey

| | | |
|---|---|---|
| CHRIS CHRISTIE<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 112<br>TRENTON, NJ 08625-0112 | JEFFREY S. CHIESA<br>*Attorney General* |
| KIM GUADAGNO<br>*Lt. Governor* | | CHRISTOPHER S. PORRINO<br>*Director* |

May 7, 2013

Hon. Peter G. Sheridan, U.S.D.J.
United States District Court
Clarkson S. Fisher Federal Building
402 E. State Street
Trenton, New Jersey 08608

    Re:    State Troopers Fraternal Association of New Jersey,
            et al. v. State of New Jersey, et al.
            C.A. No. 3:13-cv-2193 (PGS/TJV)
            Proposed Form of Order

Dear Judge Sheridan:

Please accept this letter in response to plaintiffs' proposed form of order denying their request for injunctive relief. Plaintiffs' proposed form of order reads in pertinent part:

> ORDERED that the plaintiffs' application for a preliminary injunction is denied, as the Court finds that the matters raised within plaintiffs' complaint are grievable under the respective contracts applicable to plaintiffs, and that the matters should be handled as a grievance...



May 7, 2013
Page 2

Defendants' proposed changes are as follows:

> ORDERED that the plaintiffs' application for a preliminary injunction is denied, as the Court finds that the claims regarding plaintiffs' promotional eligibility raised within plaintiffs' complaint are governed by provisions in the respective contracts applicable to plaintiffs, and that the matters should be handled pursuant to the applicable contractual provisions...

As Your Honor is aware, plaintiffs' claims, as alleged in their complaint and brief in support of the order to show cause, are that the troopers at issue were improperly removed from their acting assignments and "blacklisted" from future promotional eligibility. As set forth fully in defendants' brief and cited to by Your Honor in your oral decision, the contracts clearly provide that the initiation and termination of an acting assignment are wholly within the discretion of the Superintendent, and are not subject to the grievance procedure. Even plaintiffs take the position that the contracts preclude them from grieving the termination of an acting assignment. (Plaintiffs' Brief in Support of Request for Injunctive Relief – Point III).

Plaintiffs are now attempting to circumvent the clear language of the contracts by interpreting Your Honor's decision to permit them to grieve the Superintendent's decision to terminate the troopers' acting assignments. Defendants'

May 7, 2013
Page 3

proposed language clarifies that Your Honor did not intend to bestow on plaintiffs any right to which they are not entitled under their respective contracts, in direct contravention of those contracts.  Rather, Your Honor determined that, since the plaintiffs had already filed grievances setting forth their position regarding promotional eligibility or "blacklisting," these grievances should be handled pursuant to the applicable contract provisions.

    Thank you for your consideration of this matter.

                Respectfully submitted,

                JEFFREY S. CHIESA
                ATTORNEY GENERAL OF NEW JERSEY


                By:__/s/ Lisa A. Puglisi_____
                    Lisa A. Puglisi
                    Deputy Attorney General

c: Michael A. Bukosky, Esq.